IN THE MATTER OF PRISCILLA SCHENCK.

Barnstable.   October 7, 1981. — October 23, 1981.

Present: HALE, C.J., CUTTER, & DREBEN, JJ.

*Conservator*, Discharge.  *Probate Court*, Discharge of conservator.

A probate judge had no authority to continue a conservatorship to man-
   age the property of a physically incapacitated but mentally competent
   person after her assent to the conservatorship had been withdrawn.
   [534-535]

PETITION filed in the Barnstable Division of the Probate
and Family Court Department on September 17, 1979.

The case was heard by *Lewis*, J.

*Thomas D. Burns (Steven C. Goodwin & James F.
Kavanaugh, Jr.*, with him) for the petitioner.

DREBEN, J.  This is an appeal from the denial by a pro-
bate judge of the petition of a mentally competent ward to
discharge a conservator previously appointed with the
ward's consent on the ground of her physical incapacity.
We reverse and order the conservator discharged.

We take the facts from the findings of the judge as supple-
mented by undisputed evidence in the record.  In 1963,
Miss Priscilla Schenck, who since birth has suffered from
cerebral palsy, arranged for the appointment of Mr. Henry
F. Smith as her conservator.  While requiring constant at-
tendance because of her disease, Miss Schenck was at that
time and continues to be mentally competent.  Miss Schenck
has full confidence in Mr. Smith, and the arrangement
proved satisfactory until a guardian ad litem appointed in
connection with the allowance of the ninth and tenth ac-
counts of the conservator questioned some of the expendi-
tures made by Mr. Smith and sought his removal.

Approving of these expenses and resentful of the activities and costs caused by the guardian ad litem, Miss Schenck filed a petition for discharge of the conservatorship. The evidence at the hearing on her petition included certificates of two physicians attesting to her mental capacity, a deposition of Miss Schenck's present physician, testimony of one of Miss Schenck's companions, testimony of a cousin who is a trustee of several trusts of which Miss Schenck is the primary beneficiary, and testimony of a guardian ad litem appointed in connection with the petition for discharge.[1] It was undisputed, and the judge found, that Miss Schenck is mentally competent. The evidence also showed that Miss Schenck has the ability to make arrangements for the management of her property and fully intends to do so.[2]

Despite this evidence, the judge, finding that Miss Schenck is "entirely dependent upon others to provide for her physi-

---

[1] A single justice of this court ordered that any person appointed as guardian ad litem in the discharge proceeding be someone other than the guardian ad litem previously appointed in connection with the accounts and other than counsel for such guardian.

[2] The report of the guardian ad litem appointed in the discharge proceeding includes the following: "Miss Schenck is fully able to express herself in the course of conversation. She is a charming and intelligent woman who has a clear and concise understanding of the nature of this proceeding. Although Miss Schenck is physically handicapped, she is not confined to her home . . . . She maintains sufficient household help for her personal and household needs. She is also able to use a specially equipped electric typewriter . . . . Miss Schenck is extremely upset over the proceedings which have been commenced against Mr. Smith for his removal as her conservator. She continues to have the utmost trust and confidence in Mr. Smith . . . . I have also reviewed with Miss Schenck the purpose and effect of her discharge from conservatorship and Mr. Smith's . . . ninth and tenth accounts. Miss Schenck is aware of the issues which have been raised in these accounts . . . and stated to me that it is her intent and desire to assent to these accounts if the court allows the petition to discharge her conservatorship proceedings . . . . Miss Schenck told me that her bills are usually sent directly to her. She then reviews them and delivers them to Mr. Smith for payment. She also told me that the bills Mr. Smith receives are discussed with her . . . In the event that the court allows Miss Schenck's petition, it is her intention to create a trust under which Mr. Smith . . . will act as trustee for her benefit . . . ."

cal needs as well as managing her estate and dispersing her funds," concluded, "[s]he requires the protection of the Probate Court." The judge ordered the conservatorship to continue.

Such unwanted "protection" by the Probate Court is unwarranted. Apart from any other considerations which may be involved in such interference with the right of a mentally competent person to reassert control of her property, the statutory scheme set forth in G. L. c. 201, §§ 16, 16B and 18, does not permit such "protection" without Miss Schenck's consent.

We first note that G. L. c. 201, §§ 16[3] and 16B[4] provide two different procedures for the appointment of a conservator. Where "mental weakness," "advanced age" or "mental retardation" is the stated ground for such appointment, the petition may be filed by someone other than the prospective ward. However, where the ground for the proposed conservatorship is "physical incapacity," the petition must be made upon the petition of the prospective ward "or with his written assent." Thus, § 16 does not authorize an involuntary conservatorship on the grounds of "physical incapacity."

Section 18, as amended by St. 1934, c. 204, § 2, provides that a "conservator may be discharged" when "it appears

---

[3] General Laws c. 201, § 16, as amended by St. 1945, c. 728, § 2, provides: "If a person by reason of advanced age or mental weakness is unable to properly care for his property, the probate court may, upon his petition or upon the petition of one or more of his friends, or if a person by reason of physical incapacity is unable to properly care for his property the probate court may, upon his petition or with his written assent, and in each case if after notice as provided in section seventeen and after hearing it appears that such person is incapable of properly caring for his property, appoint a conservator to have charge and management of his property, subject to the direction of the court."

[4] General Laws c. 201, § 16B, inserted by St. 1974, c. 845, § 9, deals with the appointment of a conservator for a mentally retarded person and permits such an appointment if after hearing the "court finds that the person is mentally retarded to the degree that he is incapable of making informed decisions with respect to the conduct of his financial affairs and that the failure to appoint a conservator would create an unreasonable risk to his property . . . ."

that the conservatorship is no longer necessary." In view of the undisputed evidence of Miss Schenck's ability to supervise the management of her property, the conservatorship is "no longer necessary" within the meaning of § 18. Although the statute uses the word "may," we do not consider this a case where a judge has discretion to refuse to discharge the conservator. A finding of physical incapacity alone, in the absence of the assent of Miss Schenck, would have been insufficient to impose a conservatorship in the first place. It is also insufficient to order a conservatorship continued once Miss Schenck's assent has been withdrawn, at least in circumstances where she is capable of supervising the management of her property.

Accordingly, we reverse the decree continuing the conservatorship and order the entry of a new decree discharging the conservator. We also order that any additional matters in connection with the conservatorship or its discharge, including the question of compensation for the guardians ad litem, shall be heard by a different judge.[5]

*So ordered.*

---

[5] We take judicial notice of another proceeding in this court, No. 81-117, which is an appeal by the judge from certain orders of a single justice of this court entered in an action which includes claims in the nature of mandamus in connection with the discharge petition and the related matter of the allowance of the conservator's ninth and tenth accounts. That proceeding gives the appearance, at least, of an adversary relationship between the judge and Miss Schenck.